# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00662-CR

---

**Robert Lee Martin, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-95-955530, THE HONORABLE CHANTAL ELDRIDGE, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Robert Lee Martin, an inmate proceeding pro se, appeals from an order denying his "Motion to Dismiss Vacate Case Cause No. 955530." Martin appears to allege that the Affidavit for Warrant of Arrest and Detention supporting his arrest warrant was defective in violation of his due process rights and that, consequently, "all proceedings and trial court judgment are v[oi]d." We lack jurisdiction over the appeal.

Martin was convicted by a jury of aggravated sexual assault on June 7, 2001 and sentenced to life imprisonment and a $10,000 fine. We affirmed his judgment of conviction. *See Martin v. State*, No. 03-02-00435-CR, 2003 WL 21087732, at \*1 (Tex. App.—Austin May 15, 2003, pet. ref'd) (mem. op., not designated for publication). He has on two prior occasions appealed the denial of post-trial motions seeking to vacate or dismiss his conviction because of alleged jurisdictional infirmities. *See Martin v. State*, No. 03-18-00448-CR,

2018 WL 4039587, at *1 (Tex. App.—Austin Aug. 24, 2018, no pet.) (mem. op., not designated for publication) (*Martin II*); *Martin v. State*, No. 03-10-00075-CR, 2010 WL 3431681 (Tex. App.—Austin Aug. 31, 2010, pet. ref'd) (mem. op., not designated for publication) (*Martin III*). Each time, we determined that his motion was substantively a post-conviction application for writ of habeas corpus because he sought to challenge the trial court's jurisdiction and collaterally attack his conviction. *See Martin II,* 2018 WL 4039587, at *2; *Martin III*, 2010 WL 3431681, at *2.

The present case is no different; consistent with our previous decisions, we find that Martin's current appeal is in substance an application for writ of habeas corpus for which exclusive jurisdiction rests with the Texas Court of Criminal Appeals under article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 11.07, §§ 3(a), 5; *See Martin II,* 2018 WL 4039587, at *2; *Martin III*, 2010 WL 3431681, at *2. Accordingly, we dismiss this appeal for want of jurisdiction.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Dismissed for Want of Jurisdiction

Filed: June 3, 2022

Do Not Publish

2